[641 NYS2d 678]

In the Matter of JEFFREY GRANAT, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, April 8, 1996

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Dianne M. Saccone* of counsel), for petitioner.

*Jeffrey A. Granat,* Garden City, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with three allegations of professional misconduct. The Special Referee

sustained Charges One and Two and failed to sustain Charge Three. The petitioner now moves to confirm the Special Referee's report. The respondent has submitted an affidavit in opposition in which he requests an order dismissing Charge Three, relying on the Court's discretion with respect to the remaining two charges, and limiting any sanction to an Admonition. Additionally, the respondent has offered to handle two criminal appeals on a *pro bono* basis.

Charge One alleged that the respondent neglected a criminal appeal referred to him by this Court and failed to respond to legitimate inquiries regarding the status of that matter.

On December 13, 1990, the respondent was assigned as substitute counsel to prosecute the appeal of Kevin Gaines. By letter dated June 17, 1991, the Clerk of the Court, Martin Brownstein, made an initial inquiry regarding the respondent's failure to timely file a brief. By letter to Mr. Brownstein, dated June 25, 1991, the respondent explained that the delay in filing a brief was due to the magnitude and complexity of the case. On September 16, 1991, the Appellate Division sent the respondent a 270-day inquiry letter seeking an explanation for why the brief had still not been filed.

In view of the respondent's failure to reply to the 270-day inquiry letter, the Court, by letter dated November 29, 1991, demanded that the respondent provide status information by December 20, 1991 or be relieved as assigned counsel and referred to the Grievance Committee.

By letter dated December 18, 1991, the respondent apologized for his nonresponsiveness and informed Mr. Brownstein that he anticipated filing a brief by the end of the second week of January 1992. By letter dated February 4, 1992, Mr. Brownstein sought an explanation for the respondent's continued failure to file the appellate brief. The respondent failed to provide the requested information.

By letter dated March 5, 1992, Mr. Brownstein informed the respondent that if he failed to file his brief by March 27, 1992, he would recommend to the Court that the respondent be relieved and referred to the Grievance Committee. By letter dated April 14, 1992, Mr. Brownstein reported the respondent's conduct to the Grievance Committee.

In view of the respondent's neglect of the criminal appeal assigned to him by this Court and his failure to respond to the Court's inquiries regarding the status of his appeal, the respon-

dent is charged with violating Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) and DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

Charge Two alleged that the respondent neglected a criminal appeal assigned to him by this Court and failed to respond to legitimate inquiries regarding the status of the matter.

On November 6, 1991, the respondent was assigned as counsel to prosecute the appeal of Mark Briscoe (also known as Harry Febo). By letter dated July 16, 1992, Mr. Brownstein informed the respondent that his failure to file a written status report regarding the Briscoe brief by July 31, 1992, coupled with his having ignored a letter from the 180-Day Assignment Status Clerk, dated May 11, 1992, would result in a recommendation to the Court that he be relieved of his assignment and referred to the Grievance Committee.

By letter dated July 29, 1992, the respondent assured Mr. Brownstein that he intended to file the Briscoe brief by August 20, 1992. Upon the respondent's failure to file a brief, Mr. Brownstein, by letter dated September 18, 1992, demanded that the respondent perfect the appeal by October 9, 1992.

After failing to file a brief or to communicate further with Mr. Brownstein, the respondent was referred to the Grievance Committee by letter dated October 23, 1992.

In view of the respondent's neglect of the criminal appeal assigned to him by this Court and his failure to respond to the Grievance Committee's inquiries regarding the status of the Briscoe appeal, the respondent is charged with violating Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) and DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

On the basis of the documentary evidence and the respondent's admissions, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation evidence offered by the respondent, including his expressions of remorse, and his assertions that he remains very active in the criminal defense bar and that the numerous character references submitted on his behalf establish that the subject misconduct is truly an aberration. Nevertheless, the respondent's failures to address the repeated inquiries of the Clerk of this Court with respect to his assigned appeals constitutes professional misconduct which cannot and will not be condoned. Under the circum-

stances, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BALLETTA, ROSENBLATT, MILLER and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jeffrey Granat, is suspended from the practice of law for a period of one year, commencing May 8, 1996, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jeffrey Granat, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.